Schaylite R. SIBLEY, Appellant,

v.

KAISER FOUNDATION HEALTH PLAN OF TEXAS, Kaiser Permanente, and Leo M. Grossman, Individually, Appellees.

No. 06–98–00157–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 11, 1999.

Decided Aug. 12, 1999.

mary judgment in favor of his former employer, Kaiser Permanente, and his former supervisor, Leo Grossman.[1] Sibley sued Kaiser, alleging that his employment as a pharmacist for Kaiser was terminated on the basis of his race. He also alleged that Kaiser discriminated against him by engaging in retaliatory termination, in failing to prevent harassment, by invading his privacy, by intentionally inflicting emotional and mental distress upon him, and by defaming his reputation. He alleged that some of these actions were taken by his supervisor, Leo Grossman, and by other employees of Kaiser, and that these actions were ratified by the company. Sibley has not complained on appeal about the court's judgment as it applies to several of these causes of action. Thus, we restrict our analysis to the issues raised on appeal.

The record shows that Sibley is African-American, that he is a pharmacist who was hired by Kaiser on July 18, 1994, and was terminated on April 11, 1996. Sibley contends that he was terminated because of his race and that he had to endure an abusive work environment before his termination that was of such intensity that he is entitled to compensatory damages. Kaiser contends that Sibley was terminated because of insubordination, he was hostile toward his co-workers, he refused to fill emergency orders for medication, he refused to fill prescriptions, and because of numerous complaints about his behavior from pharmacy co-workers and other clinic employees. The evidence shows that Sibley obtained alternative employment within one month of his discharge at a higher rate of pay than he received at Kaiser.

The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and

Dorothy Jean Mulchihy, Dallas, for appellant.

James E. Essig, Mary Jo Cantu, Locke, Liddell & Sapp, LLP, Houston, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Schaylite Sibley appeals from a judgment granting several motions for sum-

1. There is some confusion about the correct name of the employer/defendant in this case. The suit was initially brought against Kaiser Permanente. It was later amended to add Kaiser Foundation Health Plan of Texas as a named defendant. It appears that Kaiser Permanente is a designation used by the Foundation to define some portion of the health groups owned or operated by the Foundation. Hereafter, in the interest of simplicity, we will refer to appellees as "Kaiser," unless the specific context requires otherwise.

that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubt resolved in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

A defendant who moves for summary judgment must demonstrate that at least one essential element of the plaintiff's cause of action has been disproved as a matter of law. *Hammonds v. Thomas,* 770 S.W.2d 1, 1 (Tex.App.-Texarkana 1989, no writ). A defendant who conclusively negates one of the essential elements of the plaintiff's cause of action is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). Once the defendant has negated an essential element of the plaintiff's cause of action, the burden then shifts to the plaintiff to produce evidence of probative force raising an issue of fact as to the element negated. *Goldberg v. U.S. Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.-Houston [1st Dist.] 1989, writ denied).

Sibley contends that the court erred by granting Kaiser summary judgment on his claim that he was discharged because of race. TEX. LAB.CODE ANN. § 21.051 (Vernon 1996) defines such an act as an unlawful employment practice. Kaiser sought summary judgment based upon its contention that Sibley had failed to produce any evidence of racial discrimination.

The Texas Commission on Human Rights Act ("the Act") governs Sibley's request for relief based upon his claim that his termination was racially motivated. The Act is intended to carry out the policies of Title VII of the Civil Rights Act of 1964. TEX. LAB.CODE ANN. § 21.001(1) (Vernon 1996). Texas courts routinely rely on federal court decisions addressing Title VII for guidance. *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex.1996); *Wal–Mart Stores, Inc. v. Davis,* 979 S.W.2d 30, 34 (Tex.App.-Austin 1998, no pet.).[2] We have found no reported Texas cases directly addressing the racial aspect of the statute. Thus, we look to analogous federal cases for guidance.

■ Federal courts have held that in order to recover, the plaintiff alleging that he was discharged because of race must establish a prima facie case of racial discrimination. The minimal requirements are to show that the plaintiff is (1) a member of a protected class; (2) he was qualified for the job from which he was discharged; (3) was discharged; and (4) after discharge, the employer filled the position with a member of an unprotected class. *Faruki v. Parsons S.I.P., Inc.,* 123 F.3d 315, 318 (5th Cir.1997); *see St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407, 415–16 (1993).

■ There is no question from this record that Sibley has established the first three requirements. However, the record conclusively shows that after Sibley was discharged, Kaiser then filled the open position with an African–American pharmacist. Kaiser has provided conclusive proof that negates one element of the cause of action. Accordingly, the trial court did not err by granting summary judgment on this issue.

Sibley also states that the judgment was improper because there was a fact issue as to whether his termination was a retaliatory firing. His discussion under that point

2. Sexual harassment is a form of employment discrimination prohibited by Title VII. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 66–67, 106 S.Ct. 2399, 91 L.Ed.2d 49, 59 (1986); *Syndex Corp. v. Dean,* 820 S.W.2d 869, 870–71 (Tex.App.-Austin 1991, writ denied). In general, sexual harassment claims have been divided into two categories: (1) quid pro quo harassment, in which employment benefits are conditioned on sexual favors; and (2) harassment that creates a hostile or offensive work environment. *Syndex,* 820 S.W.2d at 871.

of error, however, reflects that the contention is based upon the claim that his firing was racially motivated. There is no discussion or contention raised that suggests that the firing was in retaliation for any other reason that might raise an actionable claim. This contention of error is without merit.

 Sibley states in his contentions of error that his discharge was wrongful under common law concepts. There is no separate argument under this contention. It appears to rest solely upon his claim as raised under the Texas Labor Code discussed above. He has provided this Court with no authority in any form providing an alternative for the reasoning set out above and has not connected any part of his argument to this specific concept. By failing to present a point or argument, the appellant waives his right to complain of the error. The court of appeals will err if it reverses on that ground in the absence of properly assigned error. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex.1998); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex.1987). Any contention of error in this regard has been waived.

Sibley next contends that the court erred because issues of material fact exist in connection with his claim that Kaiser negligently (recklessly) performed its assumed duty to properly investigate and properly manage him. Sibley specifies that the allegedly breached duty does not arise from the employment relationship, but instead from the doctrine of assumed duty. He argues that because Kaiser chose to act—by hiring Grossman—and also chose to take the actions that led to his termination, then Kaiser assumed a duty to do so in a nonnegligent fashion.

 One who owes no legal duty to another, but who gratuitously assumes a duty to act toward that person, must discharge the duty so assumed with reasonable care to prevent harm to that person or to others. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983); *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119–20 (Tex.1976). The cited cases refer to situations where bodily injury is involved, or injury to property belonging to the party (premises liability and insurance) is involved. Counsel has directed us to no case in which a general negligence cause of action has been used against an employer for negligent hiring or negligent investigation.[3]

 We might construe this contention to be the recognized claim of negligent hiring and supervision. That claim is based on an employer's direct negligence instead of the employer's vicarious liability for the torts of its employees. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 868 S.W.2d 942, 950 (Tex.App.-Amarillo 1994), *aff'd*, 907 S.W.2d 472 (Tex.1995). Under the tort of negligent hiring and supervision, an employer who negligently hires an incompetent or unfit individual may be directly liable to a third party whose injury was proximately caused by the employee's negligent or intentional act. *See Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 294 (Tex.1996). Under that theory, however, the duty of the employer or contractee extends only to prevent the employee or independent contractor from causing physical harm to a third party. *See Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 97–98 (Tex.App.-Houston

---

**3.** The likely reason that this issue has not been aired previously is because of the long-standing rule in Texas regarding the relationship between the employer and employee: that employment for an indefinite term may be terminated at will and without cause. *See East Line & R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888). In *Sabine Pilot Serv., Inc. v. Hauck*, the court created a narrow exception to the employment-at-will doctrine, allowing an employee to sue for wrongful termination if fired for the sole reason that the employee refused to perform an illegal act. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985); *see Allen v. Powell*, 989 S.W.2d 776, 778–79 (Tex.App.-Amarillo 1998, no pet. h.).

[14th Dist.] 1998, pet. denied); RESTATE-MENT (SECOND) OF TORTS § 315 (1965). Physical injury is not an allegation raised in this case. Therefore, if this allegation is the one brought by Sibley, there is no evidence to support it.

■■■ Even if we assume this cause of action exists in the manner that Sibley suggests, the summary judgment evidence provided by Kaiser shows that Grossman had never before been accused of racial discrimination, that Grossman did not terminate Sibley because of his race, that Grossman was the person who had originally hired Sibley, and that a substantial series of procedures were followed by Kaiser—consisting of multiple warnings, conferences, and written and oral warnings—which eventually concluded with Sibley's termination. In response, Sibley directs the Court to no specific evidence, but argues generally that the summary judgment evidence illustrates that Kaiser did not act with reasonable care in the investigation or discharge. The record does not support Sibley's argument in this respect. The trial court did not err by granting summary judgment on this basis.

■■■ Sibley also contends that the court erred by granting summary judgment on his claim of intentional infliction of emotional distress. In *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex.1993), the court adopted the tort of intentional infliction of emotional distress. To recover for this tort, the plaintiff must prove: 1) the defendant acted intentionally or recklessly; 2) the conduct was extreme and outrageous; 3) the defendant's actions caused the plaintiff emotional distress; and 4) the resulting emotional distress was severe. *Twyman*, 855 S.W.2d at 621; *Gonzales v. Willis*, 995 S.W.2d 729, 734 (Tex.App.-San Antonio 1999, no pet. h.). The "intent" element of this tort requires that the actor either intended to cause severe emotional distress or that severe emotional distress be the primary risk created by the actor's conduct. *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 63 (Tex.1998).

■■■ Rude behavior is not equivalent to outrageous behavior, and behavior is not outrageous simply because it is tortious. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). Rather, the "outrageous" element is meant to require behavior that is beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Twyman*, 855 S.W.2d at 621. Severe emotional distress means distress so severe that no reasonable person could be expected to endure it without undergoing unreasonable suffering. *Bradford v. Vento*, 997 S.W.2d 713 (Tex.App.-Corpus Christi 1999, no pet. h.); *Benavides v. Moore*, 848 S.W.2d 190, 195 (Tex.App.-Corpus Christi 1992, writ denied).

■■■ In connection with this argument, we also recognize that termination by itself is insufficient to state a claim for intentional infliction of emotional distress in Texas. *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 254 (Tex.App.-Houston [1st Dist.] 1993, writ denied).[4]

■■■ Sibley states, without specific reference to facts or to the record, that he has evidence to show that Kaiser's acts inflicted emotional distress upon him. He directs this Court to no evidence to support the "intent" element of the tort, nor does he direct this Court to any evidence sufficient to meet the high standard set out by the Texas Supreme Court for extreme and outrageous behavior. The evidence generally shows that Sibley perceived a pattern of racially motivated unfairness in the way that he was

---

4. In *Diamond Shamrock*, the court concluded that even if there was summary judgment evidence that the company had not only terminated Mendez' employment, but had falsely depicted him in the community as a thief, this conduct was not sufficiently outrageous to even raise a fact issue on outrageous behavior. *Diamond Shamrock Ref. and Mktg. Co. v. Mendez*, 844 S.W.2d 198, 202 (Tex.1992).

treated by his superiors, but we have been directed to no evidence that would meet the elevated standards required in order to support this cause of action. Even if we agree that Sibley was placed in emotional distress, he has failed to provide any evidence that could be taken even under a lenient summary judgment standard of review as providing evidence of the remaining elements of the offense. This contention of error is overruled.

▇ Sibley also contends that the trial court erred by determining that Grossman was not personally liable as a matter of law. Sibley recognizes that Title VII and the Texas Human Rights Act make supervisors liable as agents of the employer for alleged acts of racial discrimination or retaliation. *See Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir.1998). In an inventive argument, Sibley contends that because supervisors are liable under the statute as agents of employers, then, as an agent of Kaiser, Grossman is therefore an employer under the language of the statute. Grossman is not an employer, but the undisputed evidence shows that he is an employee and agent of Kaiser. No error in this regard has been shown.

In a single sentence concluding this contention of error, Sibley states that Grossman as an individual may also be held liable for violations of Texas common laws including "without limitation, invasion of privacy, defamation, and intentional infliction of mental anguish." We have previously discussed each of the prior allegations that have been raised and briefed by Sibley in his contentions of error in this appeal. As we have concluded that the summary judgment on the merits was proper in each instance, we find no error in the judgment entered in favor of Grossman individually. This contention of error is overruled.

The record shows that Kaiser Permanente filed a supplemental motion for summary judgment in which it argued that it could not be held liable as a defendant because there is no legal entity named Kaiser Permanente. The motion, supported by affidavit, states that the name "Kaiser Permanente" is a trademark which is used by co-defendant Kaiser Foundation Health Plan of Texas and is not a separate entity subject to suit.[5] There is no evidence to the contrary. The court properly rendered judgment in favor of the named entity in that respect.

Kaiser contends that summary judgment was also proper based upon application of the statute of limitations. We disagree. Kaiser filed a supplemental motion for summary judgment, also granted by the trial court, contending that Sibley's claims based upon the Labor Code must be dismissed because Kaiser was not timely served with the racially based complaints. TEX. LAB.CODE ANN. § 21.254 (Vernon 1996) provides that a plaintiff may bring a civil action against the employment discrimination respondent within sixty days after receiving a notice of right to file the action.

In the present case, Sibley attempted to comply by, within the sixty-day period, serving the Prentice Hall Corporation System, Inc. There is summary judgment evidence that the Texas Secretary of State had informed them that there were multiple entities called by the name of Kaiser Permanente and that they all had the same agent for service of process, the Prentice Hall Corporation System, Inc. Sibley attempted personal service through Prentice Hall, which refused to accept the documents because it did not know to which version of Kaiser Permanente the documents should be provided. Sibley attempted a second time to obtain service after reconfirming that Kaiser had retained Prentice Hall as registered agent for process—with the same result. The evidence also shows that the documents terminating Sibley contained only the name Kaiser Permanente.

5. *See* TEX.R. CIV. P. 93(1).

Two months after the first attempted service failed, Sibley sought and received permission to utilize substituted service, and directly delivered the documents to the offices at which he had been employed. It is clear that Sibley took reasonable and timely steps to attempt to obtain service. It is equally clear that any confusion was caused by Kaiser's use of multiple names for its various organizations and the apparent inability of its registered agent to provide information that would permit a party to pinpoint the actual name of its opponent. In such a situation, it would be unfair to penalize Sibley, and there is summary judgment evidence that clearly shows an excusable reason for the delay. Kaiser was not entitled to summary judgment on this basis.

The judgment is reformed to delete that portion granting Kaiser's supplemental motion for summary judgment based upon untimely service of citation. As reformed, the judgment is affirmed.