Barbara HORELICA, Appellant,

v.

FISERV SOLUTIONS, INC., Appellee.

No. 04–03–00117–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 8, 2003.

Peter Costea, Attorney At Law, Houston, for Appellant.

Miriam S. Fleming, Chris J. Trebatoski, Milwaukee, WI, William J. Collins, III, Houston, TX, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This appeal arises from a discrimination in employment case brought pursuant to the Family & Medical Leave Act of 1993 (FMLA). 29 U.S.C. § 2601, *et seq.* (1993). Appellant Barbara Horelica took a leave of absence from her place of employment on May 26, 2000, allegedly under the FMLA. Her employment was terminated on June 8, 2000, and she subsequently filed suit against her employer, appellee Fiserv Solutions, Inc. (Fiserv) on May 30, 2001. Fiserv filed a motion for summary judgment which was granted by the trial court on November 18, 2002. Horelica now appeals the summary judgment in a single issue.

## BACKGROUND

Appellant Barbara Horelica visited the offices of podiatrist Jonathan Hyman on April 5, 1999, complaining of pain in her feet. Dr. Hyman advised Horelica that in order to correct the pain, she would have to undergo surgery. At that time, Horelica decided to forego the surgery in favor of medication.

On May 5, 2000, Horelica was called into a meeting with her immediate supervisor, Scott Simmons, and Fiserv's Southwest Region Human Resources Manager, Laurie Coward, to discuss problems with tardiness and absenteeism. At this time, Horelica met with Coward separately to discuss some "medical conditions that [she] needed to take care of." Although Horelica mentioned her health issues, she did not give Coward any details about her condition when asked. She did not tell Coward she was, specifically, having problems with her

feet or that she was planning to have any kind of surgical procedure in the near future. In addition, Horelica did not tell Coward the amount of time she needed to be gone from work in order to deal with her medical problems. Coward mentioned the possibility of Horelica taking time off under the FMLA should she need to take an extended leave because of her medical conditions.[1]

On May 8, 2000, Horelica, suffering increased pain in her feet, returned to Dr. Hyman and further discussed her options for treatment. Again, Hyman recommended surgery. This time Horelica agreed, scheduling the surgery for May 26, 2000.[2] Dr. Hyman told Horelica she would need to be off of work for six weeks. On May 25, 2000, the day before the surgery was to take place, Horelica spoke with Coward by phone and informed her that she was going to have a medical procedure on the 26th and would not be in to work that day. Horelica did not discuss the length of time she would need to be away from work. Neither did she explain the nature of her condition or the treatment she was to receive.[3] Horelica also spoke with Senior Vice President Billy Fontaine on the 25th, informing him she would be off Friday and the following Monday.

On Friday, May 26, 2000, Horelica underwent surgery on her feet. In spite of the conversations she had previously had with Coward and other office managers, Horelica never submitted a written request for leave. The procedure was successful, and she began recovery the next day. Monday, May 29, 2000, was a holiday. On Tuesday, May 30, 2000, Horelica had a scheduled vacation day. On the next day, Wednesday, Horelica called Fiserv "several times" and each time reached Scott Simmons' voice mail. She also spoke with a receptionist. When she failed to speak personally with Simmons, Horelica left a voice mail, asking him to return her call.[4] She did not call anyone else at Fiserv. Neither did she attempt to contact anyone at work on either that Thursday or Friday.

On Friday, June 2, 2000, Horelica had a follow up doctor's appointment. It was at this appointment that she gave the FMLA papers to Dr. Hyman to complete and send to Fiserv. She did not call into work at all the following week. Horelica's employment with Fiserv was terminated on Thursday, June 8, 2000 for "job abandonment." Dr. Hyman faxed the FMLA papers to the Fiserv office on the next day.

1. Coward provided Horelica with two separate sets of FMLA papers after Horelica informed her she may need to take time off because of medical issues. She gave her the first set of papers shortly after the May 5th meeting. She faxed the second set to Horelica and called to inquire as to Horelica's health on May 24th or 25th, the day that Horelica told her for the first time about the procedure.

2. In her deposition, Horelica claimed to have made the appointment for surgery either on May 8, 2000, or shortly thereafter. She testified that she did not remember exactly when she scheduled the surgery, but she knew about the procedure at least one week in advance.

3. Horelica also testified that she had spoken with Scott Simmons following the May 5th meeting and informed him of her need to have a medical procedure. She claims he told her to "work it out with Laurie or get the paperwork from Laurie." Horelica did not mention to Simmons the duration of time she would need to be absent from work or when she anticipated having the procedure completed.

4. Horelica claimed to have mentioned her procedure but was unclear as to the exact content of her message as she was taking pain medication at the time she made the phone call.

Horelica subsequently filed suit against Fiserv, claiming retaliation and employment discrimination against her for using FMLA leave. Fiserv filed a motion for summary judgment, asserting that Horelica failed to make a *prima facie* showing of retaliation. The trial court granted Fiserv's motion. Horelica now appeals in a single issue.

## STANDARD OF REVIEW

The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A movant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). We view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *KPMG Peat Marwick*, 988 S.W.2d at 748; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

## SUMMARY JUDGMENT

### Family & Medical Leave Act

■ We apply the *McDonnell Douglas* burden-shifting framework to retaliation claims brought under the FMLA. *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir.2001); *see Sibley v. Kaiser Foundation Health Plan of Texas*, 998 S.W.2d 399, 402 (Tex.App.-Texarkana 1999, no pet.) To make a *prima facie* showing of retaliation under the FMLA, a plaintiff must show: (1) she was

protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave. *Hunt*, 277 F.3d at 768. Applying these elements to the instant case, an order granting the defendants' motion for summary judgment would be proper if Fiserv disproved as a matter of law one of these essential elements. Tex.R. Civ. P. 166a.

■ Should the plaintiff succeed in making the *prima facie* case, the burden of production, rather than persuasion, shifts to the defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for its employment action. *Hunt*, 277 F.3d at 768. If the defendant meets its burden, the plaintiff must show by a preponderance of the evidence that the defendant's reason is a pretext for retaliation. *Id.*

Section 2612 of the FMLA discusses the requirements necessary for an employee to take leave under the act. In general, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1)(D).

The FMLA also requires that notice be given the employer when such leave is foreseeable. 29 U.S.C. § 2612(e). The employee must make a reasonable effort to schedule the treatment so as not to disrupt unduly the operations of the employer. 29 U.S.C. § 2612(e)(2)(A). In addition, the employee shall provide the employer with not less than 30 days' notice before the date the leave is to begin if the need for the leave is foreseeable and based on planned medical treatment for a serious

health condition. 29 U.S.C. § 2612(e)(2)(B); 29 C.F.R. 825.302(a)(2002). If 30 days' notice is not feasible, such as because of a lack of knowledge of approximately when leave will be required to begin, a change in circumstance, or a medical emergency, the employee shall provide such notice as is practicable. 29 U.S.C. § 2612(e)(2)(B); 29 C.F.R. 825.302(a). Under the Code of Federal Regulations "as soon as practicable" means as soon as both possible and practical, taking into account all of the facts and circumstances in the individual case. 29 C.F.R. 825.302(b). For foreseeable leave, this would ordinarily mean at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee. *Id.* Although the employee need not specifically assert rights under the FMLA, she should provide notice sufficient to make the employer aware that (1) the employee needs FMLA-qualifying leave and (2) the anticipated timing and duration of the leave. 29 C.F.R. 825.302(c).

**B. Application: Prima Facie Case and the Notice Requirements of the FMLA**

On appeal, Horelica claims the trial court erred in granting the motion for summary judgment because she raised several genuine issues of material fact, the first of which is the adequacy of her notice of leave. In its motion for summary judgment and in its brief, Fiserv argues that Horelica fails to make a *prima facie* case regarding discrimination/ retaliation under the FMLA. Specifically, Fiserv argues that Horelica failed to provide the requisite notice under the statute, thus negating her status as a member of the group protected by the FMLA.

■ The record shows that Horelica knew of the need for surgery no later than May 8, 2000, and that she scheduled the surgery shortly thereafter. The record also shows that Horelica knew at least one week before May 26, 2000, that she was to have surgery on that day. However, she failed to inform anyone at Fiserv of the surgery until May 25, 2000. This is not "within one or two business days of when the need for leave became known to [her]." This is not, therefore, sufficient notice under the requirements of the FMLA. *See* 29 U.S.C. § 2612(e)(2)(B); 29 C.F.R. 825.302(a), 825.302(b).

■ In addition, Horelica did not indicate that the medical procedure was because of a serious health condition that would render her unable to perform her duties at work. *See* 29 U.S.C. § 2612(a)(1)(D). Even if her May 5th conversation with Coward satisfies this requirement, Horelica failed to inform Fiserv of the timing and duration of her leave, telling them, at most, only that she would be out until the Wednesday following her procedure when, instead, she was absent from work for two weeks. *See* 29 C.F.R. 825.302(c). Horelica's actions fail to meet either the 30–day notice requirement or the "as soon as practicable" notice requirement of the FMLA. *See* 29 U.S.C. § 2612(e)(2)(B); 29 C.F.R. 825.302(a).

Because Horelica failed to meet all the requisite elements of the FMLA, she has failed to show that she was protected under the act. This, in turn, results in a failure to make a *prima facie* showing of retaliation as prescribed under the FMLA and the *McDonnell Douglas* analysis. Because Horelica did not raise a genuine issue of material fact as to this issue, the trial court did not err in granting Fiserv's motion for summary judgment.

We overrule Horelica's sole issue and affirm the judgment of the trial court.