Opinion issued
April 22, 2010.








 

 

  

 

 








 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-08-00414-CV

________________

 

CAROLYN MCCOLLUM, Appellant

 

v.

 

TEXAS DEPARTMENT OF LICENSING AND REGULATION, Appellee

 

 



On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 2006-50301

 

 



OPINION

 

          Carolyn
McCollum sued the Texas Department of Licensing and Regulation (the
“Department”), claiming that she had been improperly terminated from her
employment with the Texas Cosmetology Commission (the “Commission”).  The trial court granted the Department’s plea
to the jurisdiction.  McCollum now
appeals, arguing that the trial court erred by granting the Department’s plea
to the jurisdiction. 

BACKGROUND

McCollum
was employed by the Commission as an Investigator/Inspector for 14 years.  In December 2004, she filed a complaint with
the Equal Opportunity Commission (the “EEOC”) alleging that she was fired by
the Commission because of her race, age, physical disability, reprisal and
retaliation.  In addition, she alleged
that she was “subjected to an extreme hostile work environment and protected
opposition.”  The EEOC forwarded the
complaint to the Texas Workforce Commission (the “TWC”) and indicated that the
initial investigation would be conducted by the EEOC.  

In August
2005, the EEOC notified McCollum that it had made a preliminary decision to
dismiss the charge.  McCollum’s attorney
requested that the EEOC issue McCollum notice of her right to sue so that she
could bring suit in federal court.  On
September 7, 2005, the EEOC issued McCollum a “Dismissal and Notice of Rights,”
stating that she was required to bring a lawsuit claiming violations of federal
law within 90 days of her receipt of the notice.  On October 26, 2005, the TWC also issued a
“Notice of Right to File Civil Action,” notifying McCollum that she had a right
to bring a lawsuit claiming violations of Texas anti-discrimination laws within
60 days of her receipt of the notice.

McCollum
sued the Commission on December 28, 2005, alleging that the Commission had
improperly fired her from her position as an investigator and that she had been
subjected to a hostile work environment. 
McCollum’s petition alleged that the Commission fired her after she had
testified in an affidavit in support of a colleague’s discrimination claim, and
that the Commission discriminated against her on the basis of disability, age,
and race.  McCollum’s petition claimed
violations of the federal Americans with Disabilities and Age Discrimination in
Employment Acts, and the Texas Commission on Human Rights Act:

[McCollum] has been
discriminated against due to her disability, in violation of the American’s
[sic] with Disabilities Act of 1990; her age, 58 years (DOB: 09/12/1944), in
violation of the Age Discrimination in Employment of 1967, as amended; her
race, White; and being retaliated against for engaging in protected activity,
in violation of the Texas Commission on Human Rights Act, as amended, now
referred to as Chapter 21 of the Texas Labor Code.

 

Elsewhere,
her petition again specifically alleged a violation of the Texas Labor Code for
retaliation, and claimed that she was “discriminated against on account of her
age.”  Her petition sought attorneys’
fees, injunctive relief, immediate reinstatement, back pay, forward pay,
liquidated damages, and compensatory and non-compensatory damages.  

McCollum’s
petition also recited that she had complied with all conditions precedent to
bring her suit, including filing charges of discrimination with the United
States Equal Employment Opportunity Commission (the “EEOC”) and the TWC’s Civil
Rights Division, and that the TWC had issued her Notice of Right to Sue on
October 26, 2005.  

The
appellate record reflects that citation was issued to the Attorney General of
Texas on December 28, 2005, and was returned as executed by service via
certified mail on January 5, 2006 by Deputy Jacqueline Trinidad.  Citation to the Commission was issued on
December 28, 2005.  The return of service
upon the Commission stated that it was mailed via certified mail by delivery to
a messaging service on January 23, 2006, again from Deputy Trinidad.

In August
2006, the Department answered and appeared,[1] raising affirmative
defenses, including limitations.  The
Department subsequently filed a plea to the jurisdiction.  The Department’s plea to the jurisdiction
asserted that the trial court lacked jurisdiction over McCollum’s federal
claims because these claims were barred by sovereign immunity, and that the
trial court similarly lacked jurisdiction over McCollum’s state law claims
because these claims were not filed within the 60-day deadline after McCollum
was notified of her right to sue.  The
Department argued that the evidence showed that McCollum received notice of her
right to sue from the EEOC on September 7, 2005, and since she did not file
suit until December 28, 2005—112 days later—her claims were barred.  Although it was not the main thrust of the
plea to the jurisdiction, the Department also cited one case for the
proposition that, in order to be timely, an employment discrimination petition
must be filed and served within 60 days after a plaintiff receives notice of a
right to sue from the Texas Workforce Commission, which McCollum alleged she
received October 31, 2005.  See Tex.
Lab. Code Ann. § 21.254 (Vernon 2006); Sibley v. Kaiser Found. Health Plan of Tex., 998 S.W.2d 399, 405
(Tex. App.—Texarkana 1999, no pet.).  Finally, the Department argued that McCollum’s
claim of a “hostile work environment” should be dismissed because the EEOC
charge indicated that the actions of which she was complaining took place upon
a single day—June 7, 2004.

McCollum
responded to the Department’s plea by abandoning her federal claims, stating
that “in this case, the [Department] is being sued under the Texas
anti-discrimination statute. . . .  No
federal claims are being brought against the [Department].”  Accordingly, she contended that the doctrine
of sovereign immunity did not bar her claims under the Texas Labor Code.  Similarly, she argued that her claims were
timely because she had received notice of her right to file a civil action from
the TWC on October 31, 2005.  She
conceded that she had received a notice of her right to sue from the EEOC on
September 7, 2005, but argued that the timing of the notice of her right to sue
on her federal claims was irrelevant to whether her claims under state law were
timely.  McCollum’s response did not
address the issue of whether the Department had been timely served.

          The trial court granted the
Department’s plea to the jurisdiction.  

ANALYSIS

A.   Standard of Review

A plea to the jurisdiction challenges
the trial court’s subject matter jurisdiction to hear the case.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Subject matter jurisdiction is essential to
the authority of a court to decide a case and is never presumed.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443­­–44 (Tex. 1993).
 The plaintiff has the burden to allege
facts affirmatively demonstrating that the trial court has subject matter
jurisdiction.  Id. at 446.

The existence of subject matter
jurisdiction is a question of law.  State Dep’t of Hwys. & Pub. Transp. v.
Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  Therefore, we review the trial court’s ruling
on a plea to the jurisdiction de novo.  Id.  When a plea to the jurisdiction challenges the
existence of jurisdictional facts, the trial court must consider relevant
evidence submitted by the parties.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 227 (Tex. 2004).  If the evidence creates a fact question
regarding jurisdiction, the trial court cannot grant the plea to the
jurisdiction, and the fact issue will be resolved by the fact-finder; however,
if the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea as a matter of law.  Id.
at 227-28.

In deciding a plea to the
jurisdiction, a court may not consider the merits of the case, but only the
plaintiff’s pleadings and the evidence pertinent to the jurisdictional inquiry.
 County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  In conducting our review, we take as true all
evidence favorable to the nonmovant and indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor.  Miranda,
133 S.W.3d at 228.  If the pleadings do
not affirmatively demonstrate the trial court’s jurisdiction but, likewise, do
not demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to amend.  Id.
at 226-27.  However, if the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the
jurisdiction may be granted without allowing the plaintiff an opportunity to
amend.  Id. at 227.

B.    Texas
Labor Code 21.254 

On appeal, McCollum contends that the
trial court erred in granting the Department’s plea to the jurisdiction.  McCollum argues that the Department’s claims
of sovereign immunity to federal discrimination claims are irrelevant because
she sued under Texas law, and that her suit was timely filed 57 days after she
received notice from the TWC of her right to sue on her state law
discrimination claims.  We note that
McCollum has apparently abandoned her claims relating to federal
anti-discrimination laws.  Accordingly,
we focus on her state law claims under the Texas Labor Code. 

As to whether she timely served the
Attorney General and the Commission, McCollum argues that it was the
Department’s burden, not hers, to prove whether service of process was
diligent.  She apparently concedes that neither
the Attorney General of Texas nor the Commission was served within the 60 days
after she received notice of her right to bring a lawsuit from the TWC, but
maintains that, because the Department did not demonstrate a lack of diligence
in service, the date of service relates back to the date her lawsuit was
filed.  Alternatively, she argues that a
question of fact as to diligence precluded the granting of the plea to the
jurisdiction and that limitations is not a jurisdictional bar to her suit.  Finally, McCollum argues that her complaint
of a hostile work environment should not have been dismissed because she gave
adequate notice of that claim in her EEOC complaint and exhausted her
administrative remedies with regard to the complaint, as well as her other
claims of discrimination.  

In response, the Department has
abandoned its argument that McCollum’s petition was not timely filed.  Instead, the Department’s appellate briefing
now focuses upon the fact that McCollum’s petition was not timely served within
60 days of the date she alleged receipt of the notice of her right to sue from
the TWC.  The Department contends that
timely filing and service are jurisdictional prerequisites to suits under
Section 21.254, and the trial court thus correctly granted its plea to the
jurisdiction.  The Department argues
that, because it pled the affirmative defense of limitations, and cited the
requirement that citation must be served within 60 days of receiving notice of
right to sue from the TWC, the burden then shifted to McCollum to establish
diligence in service.  

The Texas Commission on Human Rights
Act (the “TCHRA,” codified in Chapter 21 of the Texas Labor Code) makes it
unlawful for an employer to discriminate against an employee with respect to
compensation or the terms, conditions, or privileges of employment because of
race, color, disability, religion, 

sex, or national origin.  Tex.
Lab. Code Ann.  § 21.051 (Vernon 2006).  Before filing suit, a plaintiff must file a
complaint with the TWC or EEOC and receive a notice of right to sue on the
claims alleged.  See id. §§ 21.201–.202.  Once that notice of right to sue is received,
the plaintiff must then file suit within 60 days.  Id.
§ 21.254.  Texas courts have interpreted
section 21.254 to mean that a plaintiff must file the suit and serve notice of
the suit upon the proper parties within 60 days of receiving of notice of a
right to sue from the TWC.  See, e.g., Tarrant County v. Vandigriff, 71 S.W.3d 921, 924 (Tex. App.—Fort
Worth 2002, pet. denied) (“The mere filing of a lawsuit is not sufficient to
meet the requirements of ‘bringing suit’ within the limitations period [of
Chapter 21]; rather, a plaintiff must both
file her action and have the
defendant served with process.”) (emphasis in original); Davis v. Educ. Serv. Ctr., 62 S.W.3d 890, 893 n.4 (Tex. App.—Texarkana
2001, no pet.); Roberts v. Padre Island
Brewing Co., 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet.
denied);   

We first address McCollum’s claim
that the time limit imposed by section 21.254 and case law is not
jurisdictional.  “To determine whether a
statutory requirement is jurisdictional, we apply statutory interpretation
principles.”  City of DeSoto v. White, 288 S.W.3d 389, 394 (Tex. 2009).  We review this question de novo.  Id.  “As with any statutory provision, our goal is
to ascertain legislative intent by examining the statute’s plain language.”  Id.  We also look for “the presence or absence of
specific consequences for noncompliance.”  Id.
at 396.  “‘[W]hen the Legislature
includes a right or remedy in one part of a code but omits it in another, that
may be precisely what the Legislature intended’ and ‘we must honor that
difference.’”  Id. (citations omitted). 
Finally, we look to “the consequences that result from each possible
interpretation.”  Id. at 397.  

Section 21.254 is part of a larger
statutory scheme requiring a plaintiff to notify the Texas Commission of Human
Rights within 180 days of an alleged violation, thus allowing the Commission an
opportunity to promptly investigate the alleged violation.  See,
e.g., Tex. Lab. Code Ann. §§
21.201—.202; .204.  Section 21.202(b)
mandates that “The commission shall dismiss an untimely complaint.”  Id.
§ 21.202(b).  This 180-day is mandatory
and, “failing to comply deprives the court of subject matter jurisdiction.”  Schroeder
v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485–86 (Tex. 1991).

After the Commission has an
opportunity to investigate the complaint, the plaintiff may then request a
“right to sue” letter be issued.  Tex. Lab. Code Ann. § 21.252.  Section 21.254, entitled “Civil Action by
Complainant,” then states that “[w]ithin 60 days after the date a notice of the
right to file a civil action is received, the complainant may bring a civil
action against the respondent.”  Id. § 21.254.    

Nothing in the language of section
21.254 indicates that the 60-day period for filing and serving the suit is
jurisdictional.  See, e.g., City of DeSoto,
288 S.W.3d at 396 (reviewing the statute at issue in that case and, in the
absence of language that it was intended to be jurisdictional, finding that it
was not).  Unlike section 21.202, section
21.254 does not mandate that a suit that is filed and served beyond the 60-day
window must be dismissed.  In light of
the Supreme Court of Texas’ guidance in City
of DeSoto that we should be “reluctant to conclude that a provision is
jurisdictional, absent clear legislative intent to that effect,” we hold that
section 21.254’s 60-day period is not jurisdictional.[2]  288 S.W.3d at 393. 

CONCLUSION

Because section 21.254 is not
jurisdictional, the trial court erred by granting the Department’s plea to the jurisdiction.  We reverse the trial court’s judgment and
remand this case for further proceedings.

                             

 

 

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.

 











[1]           The
Department’s pleadings—below and on appeal—point out that the Department is a
separate entity from the Commission, and that the Department was never
“formerly known as” the Commission. 
Instead, the Department assumed the duties and powers of the Commission
after the Texas Legislature abolished the Commission, effective September 1,
2005.  See Tex. S.B. 411, 79th Leg. R.S. (2005).





[2]
              The Legislature has elsewhere mandated that
“statutory prerequisites,” such as notice, “are jurisdictional requirements in
all suits against a governmental entity.” Tex.
Gov. Code. Ann. § 311.034 (Vernon Supp. 2006).  We agree with other courts, however, that
section 21.254’s 60-day filing period is not “an act that must be performed
prior to filing suit and so is not a statutory prerequisite.” See Tex. Dep’t of Crim. Justice v. Guard,
No. 10-06-00065-CV, 2007 WL 1119572 (Tex. App.—Waco April 11, 2007, no pet.)
(mem. op.); see also Mission Consol. I.S.D. v. Garcia, No.
13-09-00458-CV, 2010 WL320153 (Tex. App.—Corpus Christi Jan. 28, 2010); Windle v. Mary Kay, Inc., No.
05-02-00252-CV, 2003 WL 21508782, at * 1–2 (Tex. App.—Dallas July 1, 2003, pet.
denied) (mem. op.) (stating that section 21.254 does not establish a
jurisdictional bar; instead, it merely affects a plaintiff's right to maintain
suit under the TCHRA) (citing Lottinger
v. Shell Oil Co., 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001) (interpreting
the TCHRA)); Dubai Petroleum Co. v. Kazi,
12 S.W.3d 71, 76–77 (Tex. 2000) (holding that section 71.031 of the Texas Civil
Practice and Remedies Code is not a jurisdictional bar but affects a plaintiff’s
right to maintain a suit)); Tex. Dep’t of
Transp. v. Beckner, 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.) (holding
that 40-day filing period in worker’s compensation case is not mandatory, not
jurisdictional).