# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00403-CV

**Donald Little, Appellant**

**v.**

**Texas Board of Law Examiners, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-10-000014, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

Donald Little, appearing pro se, appeals from the trial court's order granting a plea to the jurisdiction filed by appellee Texas Board of Law Examiners (TBLE). Little argues that the trial court erred in granting the plea to the jurisdiction based on his failure to file suit for judicial review of a TBLE decision within the time required by the Rules Governing Admission to the Bar of Texas. *See* Tex. R. Govern. Bar Adm'n XV(k)(1) (suits for review of TBLE decisions must be filed within 60 days after written decision is mailed to applicant).[1] We affirm the trial court's order.

## BACKGROUND

Little, an attorney licensed to practice in Utah and Louisiana, applied for admission to the practice of law in Texas. On December 5, 2008, the TBLE held a hearing on the issue of

_____

[1] The Rules Governing Admission to the Bar of Texas are promulgated by the Texas Supreme Court as authorized by statute. *See* Tex. Gov't Code Ann. § 82.022 (West 2005).

whether Little possessed the good moral character required for admission. Based on concerns regarding Little's issues with the Internal Revenue Service and his failure to sufficiently disclose that information in his application for admission, TBLE issued a decision concluding that Little lacked the requisite moral character for admission to the Bar. The written decision included a list of curative measures that would assist Little in becoming qualified to practice law in Texas, but stated that Little could not petition for redetermination before December 5, 2010. The decision was signed on January 23, 2009.

Rule XV(k)(1) of the Rules Governing Admission to the Bar of Texas provides that an applicant may seek judicial review of a TBLE decision by "institut[ing], in the district courts of Travis County, Texas proceedings for review of such decision within sixty (60) days after the date the written decision is mailed to the Applicant." *Id.* On March 16, 2009, within the 60-day period for seeking judicial review, Little filed a document titled "notice of administrative appeal" in the county court at law of Travis County.[2] However, because Rule XV(k)(1) requires that suits for judicial review of TBLE decisions be filed "in the district courts of Travis County," TBLE filed a plea to the jurisdiction, arguing that the county court lacked jurisdiction over Little's suit. *See id.* The county court agreed and issued an order granting the plea, but also included language ordering that the case be transferred to Travis County district court. TBLE then filed a notice of interlocutory appeal to this Court, arguing that because the county court lacked subject-matter jurisdiction over

---

[2] The record does not reflect the date the decision was mailed to Little. However, because Little filed his initial suit within 60 days of the date the decision was signed by TBLE, the exact date of mailing is immaterial.

Little's suit, it did not have authority to transfer the case to district court. *See Texas Bd. of Law Exam'rs v. Little*, No. 03-09-00342-CV, 2009 Tex. App. LEXIS 9857, at *1 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op.). After concluding that the county court lacked authority to transfer the case, this Court vacated the portion of the order transferring the case and dismissed the suit for want of jurisdiction. *Id.*

On January 4, 2010, Little filed the suit giving rise to this appeal in Travis County district court. In the "notice of administrative appeal" filed in district court, Little represented that his suit was timely under TBLE's "Rule of Procedure for appealing an order within 60 days of mailing . . . and the tolling period extended by appellate proceedings in the Third District Court of Appeals." TBLE then filed a plea to the jurisdiction on the grounds that Little had failed to comply with the 60-day deadline imposed by Rule XV(k)(1), a statutory prerequisite to suit.[3] The trial court granted the plea to the jurisdiction and dismissed the suit with prejudice. This appeal followed.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). Statutory prerequisites to suit are jurisdictional requirements in all suits against a

---

[3] The Rules Governing Admission to the Bar have the same force and effect as statutes. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976) (administrative rules promulgated pursuant to statutory authority have force and effect of statutes); *see also* Tex. Gov't Code Ann. § 82.022 (statutory authority for supreme court to adopt rules governing bar admission and licensing process).

3

governmental entity. Tex. Gov't Code Ann. § 311.034 (West Supp. 2010). Failure to comply with a jurisdictional requirement deprives the trial court of the power to act, other than to determine that it lacks jurisdiction. *City of Desoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009).

## DISCUSSION

In two issues on appeal, Little argues that the trial court erred in granting TBLE's plea to the jurisdiction because (1) rules of procedure should be liberally applied to preserve his right to appeal TBLE's decision and (2) the 60-day deadline for appealing a TBLE decision under Rule XV(k)(1) was tolled by the filing of his first suit in county court.

In support of his first issue, Little relies on the supreme court's policy of applying "rules of procedure liberally to reach the merits of the appeal whenever possible." *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam). According to Little, this policy should have precluded the trial court from "summarily dismiss[ing]" his suit "for procedural mistakes." The policy in question, however, refers to the rules of appellate procedure applicable to perfecting an appeal from a trial court's final or otherwise appealable order. *See id.* (holding that appellant must be afforded opportunity to amend defective notice of appeal where it made bona fide attempt to invoke appellate jurisdiction). Because the supreme court's policy of liberal construction has not been extended to bona fide attempts to seek judicial review of an administrative agency decision, Little's first issue is overruled.

Little's second issue appears to be based on the tolling provision found in civil practice and remedies code section 16.064, which provides that the "period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court

4

suspends the running of the applicable statute of limitations for the period" if the first action is dismissed for want of jurisdiction and the second action is commenced within 60 days of the date that dismissal becomes final. Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (West 2008). While Little does not cite section 16.064 in his brief on appeal, the tolling provision of section 16.064 is presumably the basis for his contention that the trial court should have found that "the tolling of the statute of limitations applied to governmental entities." Little relied on section 16.064 in his argument to the trial court during the hearing on TBLE's plea to the jurisdiction, asserting that the tolling provision applies to the 60-day deadline for appealing a TBLE decision under Rule XV(k)(1), and therefore that his district court action, filed within 60 days of this Court's opinion dismissing his county court action, was timely filed.

TBLE argues, on the other hand, that section 16.064 does not apply to jurisdictional statutory prerequisites to suits for judicial review of administrative decisions. We agree. This Court has previously addressed the applicability of section 16.064 to suits for judicial review of administrative decisions, ultimately concluding that the tolling provision of section 16.064 does not apply to "a jurisdictional statutory prerequisite to . . . maintaining a suit for judicial review." *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835-36 (Tex. App.—Austin 2003, pet. denied). Noting that a jurisdictional statutory prerequisite is "not a statute of limitations," the Court went on to hold that the "tolling provision of section 16.064 is not applicable when the legislature has made the choice that review of a decision" by an administrative agency must be filed by a certain date. *Id.*

Little takes the position that the supreme court's opinion in *In re United Services Automobile Ass'n (USAA)* requires application of "the tolling of the statute of limitations" in this

case.  307 S.W.3d 299 (Tex. 2010).  In *USAA*, the supreme court held that the statutory filing deadline imposed by the Texas Commission on Human Rights Act was not jurisdictional, and therefore would not necessarily preclude application of section 16.064.  *Id.* at 310.  In reaching this conclusion, however, the court reiterated the rule that statutory prerequisites to suits against governmental entities *are* jurisdictional.  *Id.* at 308 ("While the Legislature could make the Labor Code filing deadlines jurisdictional, as it has in cases involving statutory requirements relating to governmental entities . . . it has not done so here." (citing Tex. Gov't Code Ann. § 311.034)).  The 60-day deadline imposed by Rule XV(k)(1), unlike the filing deadline at issue in *USAA*, is a statutory prerequisite to suit against TBLE, a governmental entity, and is therefore jurisdictional.[4]  As a result, we again hold that the tolling provision of 16.064 is inapplicable to a jurisdictional statutory prerequisite to suit against a governmental entity.  *See Heart Hosp.*, 116 S.W.3d at 836.  Little's second issue on appeal is overruled.

Little does not dispute that he failed to file suit within 60 days of the date the TBLE decision was mailed to him.  Because the 60-day deadline is jurisdictional and the tolling provision found in section 16.064 of the civil practice and remedies code is inapplicable, Little's failure to comply deprived the trial court of subject-matter jurisdiction.

---

[4] We addressed TBLE's status as a governmental entity in our previous opinion dismissing Little's county court action for want of jurisdiction.  *See Texas Bd. of Law Exam'rs v. Little*, No. 03-09-00342-CV, 2009 Tex. App. LEXIS 9857, at *4 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op.).

**CONCLUSION**

We affirm the trial court's order granting the plea to the jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   March 9, 2011

7