ACCEPTED
03-16-00323-CV
13128307
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/7/2016 2:16:49 PM
JEFFREY D. KYLE
CLERK

## Case No. 03-16-00323-CV

## Third Court of Appeals of Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/7/2016 2:16:49 PM
JEFFREY D. KYLE
Clerk

## TEXAS HEALTH AND HUMAN SERVICES COMMISSION
*Appellant,*
v.
## ALBERT OLGUIN
*Appellee.*

---

### Appeal from the 353rd Judicial District Court
### Travis County, Texas
### Cause No. D-1-GN-15-002566
### The Honorable Lora J. Livingston, Presiding

---

## APPELLANT'S REPLY BRIEF

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney
General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ANGELA COLMENERO
Chief, General Litigation Division

ANDREW B. STEPHENS
Texas Bar No. 24079396
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667

ATTORNEYS FOR APPELLANT

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES ..................................................................... ii

ARGUMENT IN REPLY ........................................................................1

PRAYER ...............................................................................................9

CERTIFICATE OF COMPLIANCE.......................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Davis v. Education Serv. Ctr.,*
   62 S.W.3d 890 n. 4 (Tex. App.—Texarkana 2001, no pet.) ...................................2

*El Paso Indep. Sch. Dist. v. Alspini,*
   315 S.W.3d 144 (Tex. App.—El Paso 2010, no pet.) ...........................................4

*Heart Hosp. IV, L.P. v. King,*
   116 S.W.3d 8316 (Tex. App.—Austin 2003, pet. denied)...............................6, 7

*In re United Servs. Auto. Ass'n.,*
   307 S.W.3d 299 (Tex. 2010) ..............................................................................4, 5

*Jones v. State Bd. of Educator Certification,*
   315 S.W.3d 237 (Tex. App.—Austin 2010, pet. denied)..................................4, 6

*Little v. Tex. Bd. of Law Exam'rs,*
   334 S.W.3d 860 (Tex. App.—Austin 2011, no pet.) ........................................5, 7

*Martin v. Southwest PCS, L.P.,*
   2003 WL 22477695 at *2 (W.D. Tex. 2003) .......................................................3

*Mission Consol. Indep. Sch. Dist. v. Garcia,*
   253 S.W.3d 653 (Tex. 2008) ..............................................................................4, 8

*Ocampo v. Laboratory Corp. of America,*
   2005 WL 2708790 (W.D. Tex. Sept. 6, 2005).....................................................2

*Prairie View A&M Univ. v. Chatha,*
   381 S.W.3d 500 (Tex. 2012) ................................................................. 3, 4, 5, 8

*Roberts v. Padre Island Brewing Co.,*
   28 S.W.3d 61621 (Tex. App.—Corpus Christi 2000, pet. denied)........................2

*Sibley v. Kaiser Found. Health Plan of Tex.,*
   998 S.W.2d 399 (Tex. App.—Texarkana 1999, no pet.) .....................................2

*Tarrant County v. Vandigriff,*
   71 S.W.3d 921 (Tex. App.—Fort Worth 2002, pet. denied).................................2

*Tex. Dep't of Criminal Justice v. Guard*,
  No. 10-06-00065-CV, 2007 WL 1119572 (Tex. App.—Waco 2007, no pet.)......4

*Tex. Health & Human Servs. Comm'n v. Baldonado,*
  No. 13-11-00167-CV, slip op. at 7-8, 2012 WL 1073278 (Tex. App.—Corpus
  Christi Aug. 27, 2012, pet. denied) (mem. op.)....................................................5

*Wilmer-Hutchins Ind. School Dist. v. Sullivan*,
  51 S.W.3d 29394 (Tex. 2001) ...............................................................................7

*Windle v. Mary Kay, Inc.*,
  2003 WL 215087822 (Tex. App.—Dallas July 1, 2003, pet. denied) ...................2

**Statutes**

Tex. Civ. Prac. & Rem. Code § 16.064 ....................................................................7

Tex. Civ. Prac. & Rem. Code § 51.104 ....................................................................8

Tex. Gov. Code § 311.034 ............................................................................... passim

Tex. Lab. Code § 21.254............................................................................... 2, 3, 9

---

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION**
*Appellant,*
v.
**ALBERT OLGUIN**
*Appellee.*

_____

**Appeal from the 353rd Judicial District Court**
**Travis County, Texas**
**Cause No. D-1-GN-15-002566**
**The Honorable Lora J. Livingston, Presiding**

---

**APPELLANT'S REPLY BRIEF**

---

Appellant Texas Health and Human Services Commission ("HHSC") files

this its Reply Brief, pursuant to Rule 38.3 of the Texas Rules of Appellate Procedure,

and asks this Court to reverse the trial court's order denying HHSC's plea to the

jurisdiction and dismiss this case for want of jurisdiction, and respectfully shows as

follows:

**ARGUMENT IN REPLY**

In its brief, HHSC contended that the trial court erred in denying HHSC's plea

to the jurisdiction because Appellee Albert Olguin ("Olguin") failed to bring his

lawsuit against HHSC within 60 days of receiving notice of his right to file a civil

action, depriving the trial court of jurisdiction. The parties do not dispute the relevant jurisdictional facts, only their legal effect. Olguin received his "right to sue" letter on May 4, 2015 and filed suit on June 29, 2015. However, the suit was not served on HHSC until July 20, 2015, which was more than 60 days after Olguin's receipt of the right to sue letter.

Section 21.254 of the Texas Labor Code provides: "Within 60 days after the date of notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." Tex. Lab. Code § 21.254 (West 2006). Olguin does not dispute that section 21.254 requires both the filing of the lawsuit and service of process on the defendant within the 60-day limitation period. *See, e.g., Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied) ("The mere filing of a lawsuit is not sufficient to meet the requirements of 'bringing suit' within the limitations period [of Chapter 21]; rather, a plaintiff must *both* file her action *and* have the defendant served with process.") (emphasis in original); *Windle v. Mary Kay, Inc.*, 2003 WL 21508782, at *1-2 (Tex. App.—Dallas July 1, 2003, pet. denied); *Davis v. Education Serv. Ctr.*, 62 S.W.3d 890, 893 n. 4 (Tex. App.—Texarkana 2001, no pet.); *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied); *Sibley v. Kaiser Found. Health Plan of Tex.*, 998 S.W.2d 399, 405-06 (Tex. App.—Texarkana 1999, no pet.); *see also Ocampo v. Laboratory Corp. of America*, 2005 WL 2708790 (W.D.

Tex. Sept. 6, 2005); *Martin v. Southwest PCS, L.P.*, 2003 WL 22477695, at \*2 (W.D. Tex. 2003) (citing above state court opinions).

Rather, Olguin argues in his brief that section 21.254 of the Texas Labor Code is not a jurisdictional prerequisite to maintaining a suit against a governmental entity and urges the Court to adopt an equitable defense to toll the 60-day statutory deadline for filing and serving a lawsuit against a governmental entity. Olguin Br. at 13-16. There is no legal basis to support Olguin's arguments. Based on section 311.034 of the Texas Government Code[1] and relevant case law, both filing of a lawsuit and service of citation must be completed upon a governmental entity prior to termination of the 60-day statutory deadline, in order for a court to retain jurisdiction.

Olguin ignores the significance of the Supreme Court's conclusion in *Prairie View A&M Univ. v. Chatha* that mandatory deadlines for bringing a lawsuit against a governmental entity are jurisdictional:

> We acknowledge that some courts of appeals have carved out specific provisions, such as certain filing deadlines, as non-jurisdictional.[2] But we agree with the other courts of appeals that have relied on our

---

[1] Section 311.034 of the Texas Government Code, titled "Waiver of Sovereign Immunity," states that "[i]n order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless that waiver is effected by clear and unambiguous language. [ ] Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental agency." Tex. Gov't. Code. § 311.034 (West 2013).

[2] *See, e.g., Tex. Dep't of Criminal Justice v. Guard*, No. 10-06-00065-CV, 2007 WL 1119572, at \*3 (Tex. App.—Waco 2007, no pet.) ("[A] filing period is not an act that must be performed *prior* to filing suit and so it is not a statutory prerequisite.").

holdings in *In re United Services Automobile Association* and *Mission Consolidated Independent School District*[3] for the proposition that a mandatory provision is a statutory prerequisite under section 311.034, provided it is to be complied with prior to filing suit.[4] Under section 311.034, a statutory requirement commanding action before filing suit is a statutory prerequisite. *See, e.g., In re United Servs. Auto. Ass'n.*, 307 S.W.3d at 299. Thus, a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as *timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity. See* Tex. Gov't. Code § 311.034.

*Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 514-15 (Tex. 2012) ("Chatha").[5] Likewise, the Supreme Court concluded in *In re United Services*

---

[3] *In re United Servs. Auto. Ass'n.*, 307 S.W.3d 299, 310 (Tex. 2010) ("While the Legislature could make the Labor Code filing deadlines jurisdictional, as it has in cases involving statutory requirements relating to governmental entities, *see* Tex. Gov't. Code 311.034 (providing that 'statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity'), it has not done so here."); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) ("The Legislature . . . has consented to suits brought under the TCHRA, provided the procedures outlined in the statute have been met.").

[4] *See, e.g., Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 240 (Tex. App.—Austin 2010, pet. denied) (stating that, "[i]n suits against governmental entities, a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction"); *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 151 (Tex. App.—El Paso 2010, no pet.) (holding that the two-year limitations deadline to file suit under the TCHRA is a statutory prerequisite contemplated by section 311.034).

[5] Olguin attempts to distinguish *Chatha* by arguing that its jurisdictional holding is limited to section 21.202 of the TCHRA which requires a claimant to file an administrative complaint with the Texas Workforce Commission not later than the 180th day after the date an allegedly unlawful employment practice occurs. Olguin Br. at 15. However, Olguin's arguments are without merit in light of the Court's conclusion that "*timely filing a lawsuit is jurisdictional when the defendant is a governmental entity.*" *Chatha*, 381 S.W.3d at 515 (emphasis added). Olguin cites only one other case, *Texas Health & Human Services Commission v. Baldonado*, as support for his argument that the 60-day deadline for bringing a suit against a governmental entity is not jurisdictional. Olguin Br. at 13; Tex. Health & Human Se*rvs. Comm'n v. Baldonado*, No. 13-11-00167-CV, slip op. at 7-8, 2012 WL 1073278 (Tex. App.—Corpus Christi Aug. 27, 2012, pet. denied) (mem. op.)

*Automobile Association* that "[w]hile the Legislature could make the Labor Code filing deadlines jurisdictional, *as it has in cases involving statutory requirements relating to governmental entities*, *see* Tex. Gov't. Code § 311.034 (providing that 'statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity'), it has not done so here." 307 S.W.3d at 308 (emphasis added). The Third Court of Appeals has also addressed this issue and concluded that statutory deadlines for bringing suits against governmental entities are jurisdictional statutory prerequisites and a party's failure to comply with the deadline deprives the trial court of jurisdiction. *See Little v. Tex. Bd. of Law Exam'rs*, 334 S.W.3d 860, 864 (Tex. App.—Austin 2011, no pet.) (holding that "[t]he *60-day deadline* imposed by Rule XV(k)(1) [of the Rules Governing Admission to the Bar of Texas] *is a statutory prerequisite to suit against TBLE, a governmental entity, and is therefore jurisdictional*") (emphasis added); *see also Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835-36 (Tex. App.—Austin 2003, pet. denied) ("The district court is generally without jurisdiction to review the agency's decision unless and until the plaintiff files a petition for judicial review

_____

(holding that service of citation within the 60-day filing period is not a prerequisite to filing suit and is not a jurisdictional requirement for purposes of section 311.034). However, in that case the Corpus Christi Court of Appeals decided the jurisdictional issue and issued its opinion before the Supreme Court decided and issued its opinion in *Chatha*, which renders *Baldonado* questionable authority. *Id.*; *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500 (Tex. Aug. 31, 2012).

5

within the statutorily prescribed fourteen days. If the fourteen days expire and the plaintiff has failed to file a petition for judicial review, the Commission's decision becomes final and unappealable. No trial court can review the Commission's decision at that point; hence, the scope of the trial court's jurisdiction is limited. Therefore, we hold that the *statutory fourteen-day deadline is a jurisdictional statutory prerequisite and a party's failure to comply with it deprives the trial court of jurisdiction* to review the Commission's decision.") (internal citations omitted) (emphasis added); *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 240 (Tex. App.—Austin 2010, pet. denied) (stating that, "[i]n suits against governmental entities, *a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction*").

Thus, stated another way, the Legislature has expressly declared that statutory prerequisites to bringing suit are jurisdictional in cases relating to governmental entities. *See* Tex. Gov't. Code § 311.034. Based on this statute and the relevant case law discussed above, filing and serving a lawsuit within the 60-day deadline is a jurisdictional statutory prerequisite to maintaining a lawsuit against a governmental entity. Failure to comply with this requirement deprives the trial court of jurisdiction.

Olguin argues that due diligence should excuse his failure to comply with the 60-day jurisdictional statutory prerequisite. Olguin Br. at 12-14. However, Olguin's

due diligence defense is not applicable on the issue of jurisdiction; a court either has jurisdiction or it does not have jurisdiction. Equitable defenses based on due diligence, such as tolling or the relation back doctrine, do not apply to jurisdictional statutory prerequisites because the legislature has made the choice that a lawsuit must be brought by a certain date for the court to have jurisdiction. *See Little v. Tex. Bd. of Law Exam'rs*, 334 S.W.3d 860, 864 (Tex. App.—Austin 2011, no pet.) (holding that "the tolling provision of [Tex. Civ. Prac. & Rem. Code] 16.064 is inapplicable to a jurisdictional statutory prerequisite to suit against a governmental agency"); *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App.—Austin 2003, pet. denied) (holding that failure to comply with the 60-day deadline "does not present a limitations issue, but rather a jurisdictional statutory prerequisite," and once the party "failed to comply with that statutory prerequisite, his cause could not be saved by a tolling provision applicable only to statutes of limitations; the district court simply did not have jurisdiction"). Put simply, jurisdiction cannot be obtained by application of equitable defenses such as due diligence. *See id.*; *cf. Wilmer-Hutchins Ind. School Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001).

At a hearing on HHSC's Plea to the Jurisdiction in this case, the trial court expressed concern regarding the absence of equitable defenses in this and other lawsuits brought against governmental entities under the TCHRA. The Court in *Chatha* addressed a similar concern as follows:

The dissent worries that under our holding, equitable defenses could potentially be urged against private employers but not against governmental entities. However, the dissent's position invades the domain of the Legislature and cuts against the very nature of sovereign immunity. Because a governmental entity may challenge the denial of a plea to the jurisdiction in an interlocutory appeal, Tex. Civ. Prac. & Rem. Code § 51.104, the entity may effectively avoid the time and expense of litigating the merits of the case by first raising the statutory prerequisite issued under section 311.034. The potential absence of equitable defenses against governmental entities that retain their immunity is sovereign immunity's most basic tenet.

*Chatha*, 381 S.W.3d at 515. Thus, the absence of equitable defenses is a legislative issue concerning the waiver of sovereign immunity. *See id.*; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (recognizing that the Legislature has consented to TCHRA suits against governmental entities only to the extent the "procedures outlined in the statute have been met"). Moreover, courts are to follow the guidance set forth in section 311.034 of the Texas Government Code which provides that "[i]n order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless that waiver is effected by clear and unambiguous language." Tex. Gov't Code § 311.034.

In order to overcome HHSC's sovereign immunity, Olguin was required under section 21.254 to both file and serve his lawsuit within 60 days of receiving his right to sue letter in order to satisfy the jurisdictional requirement to timely bring suit. *See* Tex. Lab. Code § 21.254. Because the record is clear that Olguin did not

satisfy this jurisdictional requirement, this Court should reverse the trial court's order denying HHSC's plea to the jurisdiction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant HHSC prays that this Court reverse the trial court's order denying its Plea to the Jurisdiction as to the claims for discrimination and retaliation, and dismiss this matter for want of jurisdiction. Appellant HHSC further prays for all other relief, in law and equity, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
Assistant Attorney General
General Litigation Division

9

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Appellant's Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font for text and 12-point Times New Roman font for footnotes, and contains 2,296 words, as determined by the computer software's word-count function, excluding the portions of the brief exempted by Texas Rule of Appellate Procedure TRAP 9.4(i)(1).

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing

Appellant's Brief has been served on Appellee's counsel by First Class U.S. Mail,

electronic mail, facsimile, or hand delivery on this the 7th day of October, 2016.

/s/ Andrew B. Stephens

ANDREW B. STEPHENS
Assistant Attorney General

Dominic Audino
THE LAW OFFICES OF DOMINIC AUDINO
9442 N. Capitol of Texas Hwy, Bldg. 1, Ste. 500
Austin, Texas 78759
Tel: (512) 343-3638
Fax: (512) 252-2850

ATTORNEYS FOR APPELLEE