

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00226-CV

**VALERO DEVELOPMENT CORPORATION** and Imelda **FERNANDEZ**,
Appellants

v.

**CITY OF LAREDO**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2020-CVK-000828-D3
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: November 30, 2022

AFFIRMED

Appellants Valero Development Corporation ("Valero") and Imelda Fernandez appeal the

trial court's grant of appellee's City of Laredo's ("the City") plea to the jurisdiction. We affirm

the trial court's order.

**BACKGROUND**

In May 2000, Valero[1] executed a lease ("the lease") with the City for land at the Laredo airport for a lease term of forty years. In exchange for monthly rent, the lease terms allowed Valero to construct and maintain improvements, including buildings or office space, on the leased property. Under the lease, Valero could sublease the building space and collect rent from its tenants. Valero constructed a large building and subleased three units of the building generating rental income for itself.

In 2010, the City's airport director received a letter from an attorney, Guadalupe Castillo, claiming to serve as Valero's legal counsel and informing the City to direct all communications regarding Valero to Adriana Lozano, Valero's new president. Moreover, in 2012, it was discovered that the City's airport employee, Humberto Garza, who negotiated the lease on behalf of the City, was related to Valero's principal stockholders, Fernandez and her late husband. This relationship resulted in a city charter violation, and Garza was eventually indicted and pled no contest in the case.

Prior to the discovery of Garza's relationship with the owners of Valero, Garza's wife, without permission, transferred Fernandez's stock in Valero to Garza's children, thereby eliminating Fernandez's ownership in Valero. Later Fernandez sued Garza and Garza's wife and children for return of the stock, and in 2018, the trial court ruled the stock be returned to Fernandez.

Nevertheless, days after Garza's indictment, the City attorney's office sent a letter in May 2012 to Lozano and Valero, notifying them the City was voiding the lease with Valero because of

---

[1] Fernandez was not a party in her individual capacity to any lease or contract with the City. Nevertheless, she joined Valero as a party to this appeal despite the trial court's order expressly dismissing her individually from the suit for lack of standing. In matters unrelated to this case, Fernandez was eventually deemed the rightful owner of Valero's stock. Fernandez has provided no explanation addressing her lack of standing to sue the City in her individual capacity regarding the lease.

Garza's position with the City and his familial relationship with Fernandez. Additionally, the day after the City sent its letter to Valero, it also notified Valero's tenants the City had taken over as landlord, and the tenants would need to make separate leasing arrangements with the City. City Council then passed new ordinances adopting leases with the tenants within a couple of months after the City sent its letter to Valero. By June 2012, Valero no longer paid the City its monthly rent, and the City collected the tenants' rent directly pursuant to the tenants and the City's leases.

In October of 2012, Valero's trial and appellate counsel in this case, sent a letter to the City attorney confirming a meeting at which the parties discussed the lease and the City's recognition of "the interest of Mr. Arturo Bolanos[, Fernandez's husband]" depending upon a court order.

On April 30, 2020, Valero sued the City for various causes of action, including breach of contract, promissory estoppel, and sought a declaratory judgment concerning the lease. Arguing the statute of limitations barred Valero's claims depriving the trial court of subject matter jurisdiction to decide Valero's claims, the City filed its plea to the jurisdiction. The trial court granted the City's plea and dismissed Valero's suit, with prejudice. The trial court also dismissed Fernandez's claims made in her individual capacity for lack of standing as she was not an individual party to the lease. Prior to the trial court's order, Valero filed a summary judgment, but the trial court did not rule on the summary judgment motion.

This appeal ensued. Valero argues five issues on appeal; however, the first four issues pertain to the lease and the trial court's granting the City's plea to the jurisdiction. Therefore, we address issues one through four together, and the fifth issue, we address separately.

### STANDARD OF REVIEW FOR PLEAS TO THE JURISDICTION

Subject matter jurisdiction is essential for a court to exercise its power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively show the court has jurisdiction to

determine the case. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Moreover, in suits against a governmental entity, a plaintiff bears the burden of establishing a waiver of sovereign immunity. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

As in this case, when a plea to the jurisdiction challenges the plaintiff's pleadings, the court must determine whether the pleader has alleged facts that establish affirmatively the court's jurisdiction to hear the asserted claim. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015). Whether a court has subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

### APPLICABLE LAW AND ANALYSIS

#### A. *Jurisdictional Prerequisite to Suit*

Section 311.034 of the Texas Government Code provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034: *see also Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (citing TEX. GOV'T CODE ANN. § 311.034) ("The Legislature has mandated that all statutory prerequisites to suit are jurisdictional in suits against governmental entities."). This applies to both administrative and procedural prerequisites to suit. *Chatha*, 381 S.W.3d 515. Specifically, the Texas Supreme Court clarified that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Id*. (citing TEX. GOV'T CODE ANN. § 311.034).

In determining whether a condition is considered a "prerequisite to suit" under section 311.034, (1) the "prerequisite must be found in the relevant statutory language[,]" (2) "the prerequisite must be a requirement[,]" and (3) "the requirement must be met before the lawsuit is filed." *Id.* at 511–12. The term "statutory prerequisite" thus "refers to statutory provisions that are

mandatory and must be accomplished prior to filing suit." *Id.* at 512. After concluding that the timely filing of a lawsuit under the law at issue in the *Chatha* case was a jurisdictional requirement when the defendant is a governmental entity, the Texas Supreme Court held that the plaintiff's failure to file her discriminatory pay claim within the 180-day limitations period was a jurisdictional bar to suit. *See id.* at 514.

In 2020, the Texas Supreme Court held a statutory 90-day filing deadline under the Texas Whistleblower Act is a jurisdictional statutory prerequisite to suit. *See City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020). This followed the Texas Supreme Court in 2018 concluding that a statute requiring the filing of a petition within 30 days of an adverse ruling by the Texas Commission on Environmental Quality is jurisdictional. *See AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 709 (Tex. 2018). Intermediate appellate courts have also held various statutory filing deadlines to be jurisdictional requirements in suits against governmental entities. *See Matthews v. Colorado Cty.*, No. 01-16-00092-CV, 2016 WL 4033391, at \*6 (Tex. App.—Houston [1st Dist.] July 26, 2016, pet. denied) (mem. op.) (concluding that timely filing suit under section 258.004 of Transportation Code is a jurisdictional statutory prerequisite to suit); *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 929 (Tex. App.—Dallas 2013, no pet.) (holding 14-day filing deadline to file suit seeking judicial review of Texas Employment Commission decision is jurisdictional); *see also San Jacinto River Auth. v. Paxton*, No. 03-18-00547-CV, 2019 WL 3952829, at \*3 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op.) (holding requirement under Public Information Act that party file suit seeking declaratory relief within 30 days of receiving attorney general decision is jurisdictional).

Furthermore, appellate courts have also held various statutes of limitations to be jurisdictional requirements in suits against governmental entities. *Cato v. Tex. Dep't of Crim. Justice*, No. 01-21-00099-CV; 2022 WL 3452326, \*4 (Tex. App.—Houston [1st Dist.] Aug. 18,

2022, no pet.) (mem. op.) (holding plaintiff's claims sounding in tort were subject to two-year statute of limitations and failure to comply with statutory prerequisite negated jurisdiction); *Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 406 (Tex. App.—Corpus Christi–Edinburg 2020, pet. denied) (holding the plaintiffs' constitutional takings claim was governed by the statutory two-year statute of limitations and thus, "complying with [the limitation statute] is a jurisdictional requirement for claims brought against a governmental entity"); *Crockett Cty. v. Klassen Energy, Inc.*, 463 S.W.3d 908, 912 (Tex. App.—El Paso 2015, no pet.) (concluding that the two-year statute of limitations to file suit challenging a county's order closing a public road is a jurisdictional requirement).

Like the *Cato*, *Tucker*, and *Klassen Energy, Inc.* Courts, we similarly hold that compliance with the applicable statute of limitations for Valero's claims against the City is a jurisdictional statutory prerequisite to suit.

### B. Limitations

Claims relevant to this appeal include breach of contract, promissory estoppel related to the contract, and declaratory judgment. Breach of contract claims are subject to a four-year statute of limitations. *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. Promissory estoppel also is subject to the four-year statute of limitations. *See Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836 (Tex. App.—Dallas 2011, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. Because a declaratory judgment action is a procedural device used to determine substantive rights, the legal remedy underlying the cause of action sued upon determines the applicable limitations period. *Nw. Austin Mun. Util. Dist. No. 1 v. City of Austin*, 274 S.W.3d 820, 836 (Tex. App.—Austin 2008, pet. denied). Here, Valero sought a declaratory judgment that the City violated the lease terms—the

same basis as its breach of contract and promissory estoppel claims—and thus, the four-year statute of limitations governs. *See id.*

Generally, a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some injury, or whenever one person may sue another. *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015). A breach of contract claim accrues upon a breach of the contract. *Cosgrove v. Cade*, 468 S.W.3d 32, 39 (Tex. 2015). Similarly, a promissory estoppel cause of action accrues when the promisor breaches its promise to the promisee. *Morales*, 336 S.W.3d at 837. A cause of action under the Declaratory Judgment Act accrues when there is an actual controversy between the parties. *In re Estate of Denman*, 362 S.W.3d 134, 144 (Tex. App.—San Antonio 2011, no pet.). When a cause of action accrues is generally a question of law for the courts to determine. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

On May 17, 2012, the City sent a letter to Valero's then-acting president Lozano voiding the lease. Valero stopped paying the City rent under the lease after June 2012, and Valero stopped receiving rental income from its subtenants around June 2012, after the City made individual leases with Valero's former subtenants.

Additionally, on July 2, 2012, City Council passed individual ordinances for each new lease with Valero's former subtenants, thereby replacing Valero as the primary tenant. Ordinances are presumed valid. *See* TEX. LOCAL GOV'T CODE ANN. § 51.003. Moreover, "[t]hose residing in or having business dealings with a city are presumed to know its ordinances." *Murphy v. City of Galveston*, 557 S.W.3d 235, 242 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citations omitted). Therefore, Valero is charged with notice on July 2, 2012 of the City's intent to terminate the lease.

On October 5 2012, Valero's and Fernandez's counsel at trial and on appeal sent a letter to the City regarding the lease. Valero claims the letter serves as evidence to toll limitations or estop the City from claiming limitations. We disagree.

Valero's alleged claims began to accrue July 2, 2012. Valero's October 5, 2012 letter conclusively showed Valero had knowledge of potential issues with the City regarding the lease. Yet, Valero did not file its original petition against the City until April 30, 2020, eight years after Valero's claims accrued, and four years after the limitations period on all of Valero's alleged claims expired.

With respect to Valero's argument that the October 5, 2012 letter served to toll limitations, "[a]s a general rule, a court cannot acquire subject matter jurisdiction by estoppel." *Wilmer-Hutchins Indep. School Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001). Additionally, no judicially imposed, equitable waiver of immunity from suit exists. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856–57 (Tex. 2002). Statutory prerequisites must be satisfied. *See id.* The statutes of limitations in this case expired before Valero filed suit.

Valero asserts the continuing violation theory allows it to file suit for the City's alleged continuation of lease-term violations. However, we find no authority applying this theory to facts similar to those presented here. Specifically, for a plaintiff to recover under this theory, the plaintiff must show "an organized scheme leading to and including a present violation, so that it is the cumulative effect of the [injury or violation], rather than any discrete occurrence, that gives rise to the cause of action." *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 493 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also*, *e.g.*, *Ptomey v. Tex. Tech Univ.*, 277 S.W.3d 487, 494 (Tex. App.—Amarillo 2009, pet. denied); *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 41–42 (Tex. App.—Austin 1998, pet. denied). The "focus is on what event should, in fairness and logic, have alerted the average layperson to act to protect his or her rights." *Autonation USA*, 226 S.W.3d at

493 (citations omitted). Valero's claims against the City pertain to the City's termination of the lease, a discrete act. The continuing violation theory does not apply in this case.

Valero's pleadings thus establish affirmatively that it failed to comply with a statutory prerequisite to suit, thereby negating jurisdiction. Whether Valero gave proper notice to the City before filing suit or whether notice was required does not absolve Valero from filing its suit after the expiration of the applicable statutes of limitations. The trial court did not err in granting the City's plea to the jurisdiction. Therefore, we overrule Valero's first four issues on appeal.

### TRIAL COURT'S REFUSAL TO RULE ON VALERO'S SUMMARY JUDGMENT

In Valero's fifth issue, it complains about the trial court's failure to rule on its summary judgment motion and consider its evidence attached thereto. Subject matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). It is never presumed and cannot be waived. *See id.* at 443–44.

As previously stated, to establish subject matter jurisdiction, a party must allege facts that affirmatively demonstrate the court's jurisdiction to decide the case. *Ryder Integrated Logistics*, 453 S.W.3d at 927. If the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *See Miranda*, 133 S.W.3d at 227. If a plea to the jurisdiction challenges the existence of jurisdictional facts, a reviewing court considers relevant evidence presented by the parties to resolve the jurisdictional issues. *See id.* If the relevant evidence is undisputed or fails to raise a fact issue as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *See id.* at 228.

We held in Valero's issues one through four, that based on the pleadings and relevant evidence, Valero failed to comply with a jurisdictional requirement for filing suit against the City. Therefore, the trial court had no power to act other than to determine it lacked jurisdiction to adjudicate Valero's claims. *See Little v. Tex. Bd. Of Law Examiners*, 334 S.W.3d 860, 862 (Tex.

App.—Austin 2011, no pet.). Because Valero's pleadings and the relevant evidence affirmatively demonstrate the court lacked subject matter jurisdiction to decide Valero's claims, the trial court properly dismissed them with prejudice. *See Miranda*, 133 S.W.3d at 227.

The trial court lacked jurisdiction to act on Valero's suit other than to dismiss with prejudice. We overrule Valero's fifth issue.

### CONCLUSION

Overruling all of Valero's appellate issues, we affirm the trial court's order granting the City's plea to the jurisdiction and dismissing the case with prejudice. Moreover, because Fernandez did not present any cognizable individual claims against the City or argument on appeal addressing her lack of standing and ability to appeal with respect to Valero's claims against the City pertaining to the lease, Fernandez waived her individual arguments. Last, the trial court's power was limited to determining whether it lacked jurisdiction to adjudicate Valero's claims, and thus could not have taken any action concerning Valero's summary judgment.

Irene Rios, Justice